■ JOHN A. WARD et al., Respondents, v. EDWARD BAKER et al., Doing Business as BAKER'S SERVICE, Appellants.— Appeal from a judgment of the County Court of St. Lawrence County entered upon a verdict in favor of plaintiffs, and from an order denying defendants' motion to set aside the verdict and for a new trial. Plaintiffs recovered damages of $628.50 for defendants' alleged breach of a contract relating to the sale and installation upon plaintiffs' trailer of an awning which was subsequently destroyed in the course of a windstorm. The supposed contract and an alleged supplemental contract were, in form, purchase orders signed by plaintiffs. Although defendants signed neither paper, an issue of fact was presented as to whether defendants accepted the agreements and acted upon them so as to constitute them the written agreements of the parties. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134.) Defendants did, in fact,

construct and erect the awning but one of them testified that before commencing the work he told the plaintiffs that a provision in the purchase order for an unconditional lifetime guarantee of all work and material was unacceptable. Plaintiffs denied this testimony. Moreover, it could properly be found that defendants delivered to a bank the writings in question, accompanying plaintiffs' certificate of completion of the work and defendants' certificate that a copy of "the contract or sales agreement" had also been delivered to plaintiffs and to such bank. The charge of the court submitted to the jury the question as to the existence of any guarantee. Further, defendants requested a charge that "the risk of accident and loss or destruction [of a structure accepted by the owner] is with the owner who so accepts" and the court so charged, with the added proviso, to which no exception was taken, "unless there were some defects proven in the workmanship". The court also granted defendants' request to charge "that the duty of the defendant, or anyone constructing a structure, or a part of it, is to conform to a standard and responsibility as may reasonably be expected of sensible and honest craftsmen." Thus, whatever questions existed as to the form of the agreement pursuant to which the work was completed and as to the alleged guarantees, became of relatively slight importance, as did whatever technical errors may have occurred in the charge proper and in the reception of testimony concerning the writing and the guarantees. Under the rules of law which the court thus charged at defendants' request, the jury was entitled to find that the work did not conform to the tests of workmanship stated, in that the segments of the poles which supported the weight of the awning were not fastened with pins or set-screws at or through the joints at which the segments met and that the poles were erected perpendicularly instead of being slanted in such fashion that the segments would be held together more securely. We are unable to say that plaintiffs' expert as to construction and as to damages was not properly qualified and we find no substantial error in rulings on the evidence as to damage or in the court's charge with reference thereto. Defendants offered no meteorological or other proof to support their contention that the destruction of the awning was due to a hurricane and there was, on the contrary, evidence that the wind was not of unusual force. The court charged, in substance, that the jury must determine whether the wind was so unusual and heavy as not to be anticipated by one erecting a structure and, further, that if it were found that defendants were not responsible for the damage, the verdict should be no cause of action. The verdict returned seems to us to be supported by the preponderance of the evidence. Such errors as occurred were not, in our view, substantial or prejudicial. Although defendants attack the court's charge to the jury as erroneous and inadequate, they took no proper exception to it and as the result of the granting of their requests to charge, the case was in large part submitted upon the theory of law for which they contended. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.